**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Howard V. H. INCHES, Defendant.**

**No. C–19433.**

United States District Court
D. Arizona.

April 18, 1966.

William P. Copple, U. S. Atty. for District of Arizona, Jo Ann D. Diamos, Asst. U. S. Atty., for the Government.

George Mariscal, Phoenix, Ariz., Gladys Towles Root, Los Angeles, Cal., Kirkpatrick W. Dilling, Chicago, Ill., for defendant.

BYRNE, Chief Judge.

The defendant has been indicted on 57 counts of alleged mail fraud. He is charged with forming the Desert Diet Development Corp. as part of a scheme to obtain money and property by means of false and fraudulent representations. A motion denominated "Motion to Transfer Case from Jurisdiction of Judge Walsh" was filed on March 21, 1966, which apparently was intended as a motion to disqualify Judge Walsh pursuant to the provisions of 28 U.S.C. § 144. On April 6, 1966, the defendant filed a motion under Rule 21 F.R.Cr.P. to transfer the case to the Southern District of California.

A declaration, but no affidavit, was filed by the defendant with his § 144 motion.

Affidavits by two of the defendant's attorneys were filed with the Rule 21 motion alleging that the defendant and "many witnesses" are domiciled in the State of California and that the affiant believes that there exists, "by reason of adverse and unfair publicity in the jurisdiction where the prosecution is pending a prejudice so great as against this defendant that he cannot obtain a fair and impartial trial." On April 11, 1966, an affidavit by defendant was filed "in support of the motion pending herein for a transfer of the above cause to a different District for trial", and alleged that "inflammatory and prejudicial" publicity had appeared in the news media.

During the oral argument on April 13, 1966, counsel for defendant reiterated the position taken in defendant's motion papers and stated that the only basis for the charge of bias and prejudice against Judge Walsh was the fact that he had approved the master's findings and report in the Chapter X proceedings of the Desert Diet Development Corporation. The matter having been submitted; and,

It appearing to the Court that:

■ (1) to disqualify a Judge pursuant to 28 U.S.C. § 144 *a party* must file a timely and sufficient *affidavit* that the Judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party;

■ (2) even if the Court were to accept the unverified declaration of the defendant, filed with the § 144 motion, as an affidavit it would not be sufficient as "[a] mere showing of prior judicial exposure to the present parties or questions will not invoke the section." (Lyons v. United States, 325 F.2d 370, 376 (C.A. 9), cert. denied 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738); nor would it help the defendant if the Court considered the defendant's affidavit of April 11, 1966, in support of the § 144 motion, not only for the above reason, but the additional reason that it does not include a sworn statement that Judge Walsh has a personal bias or prejudice either against him or in favor of an adverse party;

■ (3) with respect to the "inflammatory and prejudicial" and "adverse and unfair publicity" charged by the defendant, the exhibits attached to the defendant's affidavit show factual newspaper reports of the defendant's indictment, and not only do not show inflammatory or prejudicial statements, they do not indicate statements of any kind made by anyone connected with the prosecution of the case;

■ no evidence was presented by affidavit or otherwise as to the number of witnesses to be called in the trial of the case, but it is quite apparent from the statements of counsel at the hearing, and a perusal of the indictment, that while witnesses who are called may be domiciled in several different states, the great majority will be domiciled in Arizona;

■ (5) in all mail fraud cases, technically the offense is committed in every district through which the mail moves, but the real locus delicti in this case is Arizona;

It is ordered that the "Motion to Transfer Case from Jurisdiction of Judge Walsh'" pursuant to 28 U.S.C. § 144, is dismissed.

■ It is further ordered that in the exercise of the Court's discretion, the "Motion to Transfer Case to a different District for Trial" pursuant to Rule 21 F.R.Cr.P. is denied.

It is further ordered that the Clerk of the Court serve a copy of this order, by United States mail, on the attorneys for each of the parties appearing in this cause.