**Dennis George KING, Appellant,**

v.

**Warren PINTO, Superintendent, New Jersey Prison Farm, Rahway, New Jersey.**

**No. 16221.**

United States Court of Appeals Third Circuit.

Argued April 7, 1967.

Decided April 20, 1967.

Ralph J. Kmiec, Camden, N. J., for appellant.

Solomon Forman, Deputy Atty. Gen., Asst. County Pros., County of Atlantic, Atlantic City, N. J. (Evan William Jahos, Asst. Atty. Gen., Acting Pros. of Atlantic County, Atlantic City, N. J., on the brief), for respondent Ernest M. Curtis, Atlantic City, N. J., of counsel, and on the brief.

Before McLAUGHLIN and GANEY, Circuit Judges and NEALON, District Judge.

## OPINION OF THE COURT

### PER CURIAM.

Appellant was convicted in the New Jersey State Court of armed robbery and is now serving consecutive sentences therefor. The conviction was affirmed by the State Supreme Court. Thereafter appellant applied to the United States District Court for the District of New Jersey for a writ of habeas corpus. This appeal is from the denial of that application.

The uncontradicted facts are that the woman owner and operator of a dress shop was held up at gun point in her shop and robbed of $1,020.00 about 6:00 P.M. January 15, 1962. The police were notified. The victim was in shock and under sedation. She was of little help to the authorities that night. Miss Pearl Hamm saw appellant, whom she knew but not by name, coming from the shop wearing a rainhat and raincoat. An employee of the shop testified that she had noticed a man standing in the doorway next to the shop, wearing an unbuttoned raincap and raincoat. She later identified the man as appellant. The next night the shop employee designated two pictures of appellant as resembling him and Miss Hamm picked out his picture as that of the person who had committed the robbery. The victim of the robbery also made positive identification of the appellant. It is uncontradicted that from the time of the notification to the police after the robbery the police had been conducting a prompt, completely integrated investigation of the crime. There were four suspects, including appellant. According to the testimony of the detective in the case from the beginning, the above information crystallized upon appellant shortly before 1:00 A.M. January 17, 1962. He was arrested in the immediate area of his apartment within forty-five minutes after that. The District Judge under the trial evidence properly held that obtaining of a warrant at that time was not feasible and that the arrest was made without delay. The officers stated that appellant was advised of his rights and that they wished to search his apartment. They stressed the stolen money which actually was not in the apartment. Appellant let the officers into his apartment with his own key. In the apartment appellant's common law wife, by the uncontroverted evidence consented to the search. The latter revealed appellant's rainhat and coat and a pistol which appellant said he was holding as collateral for a loan he had made. The trial Court's conclusion that the arrest was valid and that the

search was reasonably contemporaneous and purposefully connected with it and therefore in accord with the law, is borne out by the evidence and justified in law. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1962); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). From the facts, the directive of the search could readily have been accepted by appellant as the stolen money, not concerning his rainclothes and appellant also had a ready explanation of the presence of the gun. In the situation we cannot say that the trial Court was clearly wrong in crediting the consent by appellant and his companion to the search.

Appellant's remaining complaint deals with the use of his rainhat and coat and voice in the identification lineup. These were not testimonial. They did not rise to the height of self incrimination. Of the numerous decisions supporting this doctrine, Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) is perhaps of most present significance. In that trial the results of an objected to blood test were admitted into evidence as indicating intoxication. The Court held this was not violative of the Fifth Amendment. There the opinion, p. 763, 86 S.Ct. p. 1831, cites Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910) as "The leading case in this Court * * *." The opinion goes on to state that in Holt " * * * the question was whether evidence was admissible that the accused, prior to trial and over his protest, put on a blouse that fitted him." The opinion then states "Mr. Justice Holmes, speaking for the Court, rejected the argument as 'based upon an extravagant extension of the 5th Amendment * * *.'"

It is pleasant to commend appellant's assigned attorney for his expert, tenacious representation of his client.

The judgment of the District Court will be affirmed.