UNITED STATES of America

v.

Lawrence LIPOWITZ, Robert William Muller, and Richard Smith, Robert Muller, Appellant.

No. 17075.

United States Court of Appeals Third Circuit.

Argued Sept. 20, 1968.

Decided Oct. 10, 1968.

Edward G. D'Alessandro, Friedman & D'Alessandro, Newark, N. J., for appellant.

Thomas J. Alworth, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

## OPINION OF THE COURT

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

PER CURIAM:

In seeking a new trial following his conviction for bank robbery under the federal bank robbery statutes, 18 U.S.C. § 2113(a), (b) and (d), Robert William Muller complains that the introduction of eye-witness identification testimony and certain statements made by his co-defendants violated his constitutional rights.

At his trial a teller employed by one of the victimized banks identified Muller as one of the robbers.[1] Cross-examination disclosed she had previously viewed and identified the defendant at his arraignment when he was not represented by counsel. At the arraignment, the government had requested several tellers to sit in the courtroom to determine if they could recognize any of the men in the courtroom. This "lineup"[2] took place prior to the Supreme Court's decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. State of California, 388 U.S. 263,

---

1. She said that one of the robbers came within six inches of her and that although his face was covered by a mask fashioned of sheer women's hose, she was nonetheless able to ascertain his facial features.

2. While the procedure followed was not a "lineup" as that word is commonly understood, its use here was clearly intended to serve the same function as a lineup.

87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).[3]

■ Appellant contends that the principles enunciated in these decisions require a reversal of his conviction, notwithstanding the Supreme Court's declaration in *Stovall* that its principles apply only to "those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date [June 12, 1967]." 388 U.S. at 296, 87 S.Ct. at 1967. Appellant's interpretation ignores the clear and unambiguous language of the court. As this court has already decided in U. S. ex rel. Bennett v. Myers, 381 F.2d 814 (3 Cir. 1967): "the doctrine of the *Wade* and *Gilbert* cases is prospective only and its application is limited to cases in which lineups without counsel occurred after June 12, 1967." 381 F.2d at 816.

■ We are convinced that the question of the witness' identification was properly presented to the jury within the framework of constitutional standards. We do not agree with the appellant's contention that the conduct of the pre-trial identification was unnecessarily suggestive and conducive to irreparable

mistaken identification as to deny him due process of law.[4] The record does not disclose that "totality of circumstances" amounting to a denial of due process, and the procedure here did not offend those "canons of decency and fairness"[5] as was found in Palmer v. Peyton, 359 F.2d 199, 202 (4 Cir. 1966).[6]

Appellant also assigns as error the introduction of testimony by a government witness concerning extrajudicial statements made by a co-defendant mentioning the appellant's name.[7] The witness testified that the co-defendant Smith had told him that someone had signed a statement implicating Smith in the robbery. This testimony then followed:

> "[H]e said that he is pretty sure that Lipowitz signed a statement on him, so I told him 'Are you sure it wasn't Muller?' He said, 'No, he knows Muller, and knew him for a long time, and Lipowitz was the green one, and that he figured it had to be Lipowitz that told on him.'"

Following the reception of this testimony, the trial judge ordered the witness' entire testimony stricken as to all defendants and carefully and emphatically instructed the jury to disregard it completely.[8]

3. These cases held that extrajudicial presentation of the accused to witnesses for the purpose of identification is a "critical stage of the prosecution" so as to require the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments. 388 U.S. 227–239, 87 S.Ct. 1926 (1967). Absent counsel at lineup, not only must evidence of any pre-trial identification be excluded at trial, but also a foundation for the in-court identification of the accused must be established independently of the lineup proceedings. 388 U.S. 239–243, 87 S.Ct. 1926 (1967).

4. The mechanics of a pre-trial identification may be so unfair as to deny due process, independent of the right to counsel under the Sixth Amendment. The Supreme Court considered this in Stovall v. Denno, supra, at page 301, 87 S.Ct. 1967, citing Palmer v. Peyton, 359 F.2d 199 (4 Cir. 1966).

5. Malinski v. People of State of New York, 324 U.S. 401, 416–417, 65 S.Ct. 781, 89 L.Ed. 1029 (1945).

6. In *Palmer*, the accused was compelled to submit to a one-man lineup, to speak the words used in the felony after the witness had been fully "briefed" by the police. Supra, at 200–201.

Nothing appears in the record indicating that at the time of arraignment the defendant was the only person present in the courtroom or that any conversations, statements or other actions were made by anyone which were suggestive or coercive towards the witness' identification.

7. Appellant, one of several co-defendants, made a timely motion for severance which was denied.

8. "The testimony of the witness Frank L. Malvin has been stricken by the Court and you are not to consider his testimony as part of the evidence in this case. You will recall that it was ordered by me that his testimony be stricken as unworthy of consideration. Mr. Malvin was the witness who testified that he had been convicted of crime three or four times and that he hoped by giving testimony on be-

It is appellant's contention that the introduction of this testimony was prejudicial and requires a new trial under the authority of the Supreme Court's recent holding in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[9] In *Bruton*, the Supreme Court held that the introduction at a joint trial of a defendant's extrajudicial confession, implicating a co-defendant, violated the co-defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment, despite specific limiting instructions by the trial judge as to the restricted use the jury might make of such a confession.

The facts presented in the instant appeal materially differ from the facts and holding in *Bruton*. Here, the entire testimony of the witness was stricken and the jury specifically instructed to disregard it as to all defendants. In *Bruton*, the testimony was received into evidence, allowing the jury to weigh its credibility and impact for a limited purpose, but not allowing the incriminated defendant his constitutional right to impugn the source of the testimony through cross-examination. Furthermore, the substance of the testimony introduced in the present case was of such a minor character as not to constitute the type of prejudice as was found in *Bruton* where an entire confession of a co-defendant was introduced. Any prejudice which may have resulted in the instant case was so insignificant as to constitute harmless error as that doctrine is enunciated in Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Similarly, we have found no merit to the other assignments of error which have been ably briefed and argued.

The judgment of conviction will be affirmed.

---

half of the government to receive consideration in connection with the crimes he committed. He related certain conversations that he had while in the cell with the defendant Lawrence Lipowitz, and on another occasion with the defendant Richard Smith. I concluded as a matter of law, with respect to which all counsel agree, including counsel for the government, that the statements he made on the stand in answer to questions pro-

pounded to him should not be considered by you, and I specifically and emphatically instruct you that you are to disregard his testimony entirely, and to draw no inference of any nature whatsoever from it against any one of the defendants." (P. 176a)

9. Overruling Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).