**David A. DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 28758
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

David A. Davis pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

■ This appeal is taken from an order of the district court denying the petition of a Texas state convict to vacate an earlier federal conviction which

was used for enhancement of his present state sentence. We affirm[1] for the reasons expressed by Judge Brewster in his opinion, reprinted below in full. The contention that appellant was denied the right to appeal was not presented to the district court and will not be considered here.

Affirmed.

---

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS
FORT WORTH DIVISION

---

DAVID A. DAVIS
versus        CA 4–1292
UNITED STATES OF AMERICA
Filed: Nov. 3, 1969

---

ORDER

Petitioner is presently confined in the Texas Department of Corrections under a life sentence as an habitual criminal, imposed on September 6, 1966. The convictions used for enhancement purposes were a 1949 state conviction and a 1963 federal conviction received in this Court.

In a motion to vacate pursuant to Section 2255, Title 28, U.S.C.A., petitioner seeks to set aside his 1963 conviction, CR. 4–63–7, received for forgery and passing of a United States Treasury check in violation of Title 18, U.S.C.A., Section 495.

The record reveals that two other persons were charged in the indictment with petitioner and that they were convicted by a jury upon pleas of not guilty. Thereafter, petitioner waived a jury and was tried before the Court on his plea of not guilty. He was repre-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

sented at the trial by attorneys of his own choice. On each of four counts, petitioner was given concurrent sentences of eighteen months, the first ninety days to be served in custody, and the remainder of the sentence to be probated.

The contentions raised by petitioner in his motion to vacate are as follows: (1) that he was arrested only after his two co-defendants had been "held on ice" for several days and forced to sign confessions implicating him in the crime; (2) that since the co-defendants were tried separately from petitioner, he was not given an opportunity to cross-examine them concerning the confessions; (3) that the trial judge should have disqualified himself from petitioner's case since he had heard the evidence at the trial of the co-defendants and was thereby prejudiced against petitioner; and (4) that petitioner is being punished a second time for the 1963 conviction by his sentence as an habitual offender in 1966.

■ The contention as to double punishment has been repeatedly rejected as untenable. See Price v. Algood, 5 Cir., 369 F.2d 376 (1966), cert. den., 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349 and cases cited therein. As the Supreme Court stated in McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901), "The punishment is for the new crime only, but it is the heavier if he is an habitual criminal" 180 U.S., at p. 312, 21 S.Ct. at p. 390.

■ Petitioner's contention that he was afforded no opportunity to cross-examine his two co-defendants concerning their confessions raises no substantial federal question as to deprivation of a constitutional right, absent any intimation that the confessions were introduced into evidence or otherwise referred to at petitioner's trial. Cf., Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968).

■ Similarly, no federal question is presented by petitioner's conclusory allegation that the trial judge should have disqualified himself merely on the basis of knowledge gained from the prior trial. As stated in United States ex rel. Bennett v. Meyers, 3 Cir., 381 F.2d 814 (1967), to doubt the capacity of a trial judge to put aside legally irrelevant matters he has heard would result in "a complete breakdown of the operation of the machinery of justice." See also Walker v. Bishop, 8 Cir., 408 F.2d 1378 (1969); United States v. Inches, D.Ct. Ariz., 253 F.Supp. 312 (1966). The fact that petitioner was tried before the Court without a jury requires no different answer. The record affirmatively shows that petitioner waived a jury and chose to be tried by the Court while represented by attorneys of his own choice.

■ Petitioner's contention concerning his arrest amounts in effect to an allegation of illegal arrest. No federal question is stated in absence of a claim that the government thereby obtained a confession or evidence which was used against him at the trial. Abraham v. Wainwright, 5 Cir., 407 F.2d 826 (1969); Bowlen v. Scafati, 1 Cir., 395 F.2d 692 (1968); United States ex rel. Molloy v. Follette, 2 Cir., 391 F.2d 231 (1968).

The motion to vacate presents no question of denial of any substantial federal right. It is therefore ordered that the motion be and the same is hereby overruled.

Signed this 3rd day of November, 1969.

/s/ LEO BREWSTER
JUDGE