Bulah (Oliver) HARLEY, Individually, and Bobby Allen Oliver, a minor, by Bulah (Oliver) Harley, His Guardian, Custodial Parent and Next Friend, Plaintiffs,

v.

Thomas Edward OLIVER et al., Defendants.

No. FS-75-22-C.

United States District Court, W. D. Arkansas, Fort Smith Division.

May 20, 1975.

Billy E. Moore, Columbus, Ga., Kenneth S. Jacobs, of Jacobs & Leston, Villa Park, Ill., George H. Hartman, New York City, Willard Crane Smith, Jr., Ft. Smith, Ark., for plaintiffs.

J. H. Evans, of Warner & Smith, Robert T. Dawson, of Hardin, Jesson & Dawson, Ft. Smith, Ark., for defendants.

## OPINION

JOHN E. MILLER, Senior District Judge, Sitting by Designation.

The motion of plaintiffs (1) for a change of venue, and (2) for a disqualification of the undersigned Judge was filed on May 15, 1975.

By the complaint filed February 19, 1975. the plaintiffs are seeking a declaratory judgment that certain actions of the defendants are unconstitutional and to enjoin the defendants from proceeding in their alleged unconstitutional acts under color of State law. A jury trial was demanded. The jurisdictional allegations are as follows:

"1. That this is a civil suit for a temporary Writ of Injunction, a permanent Writ of Injunction, and damages, authorized by U.S.C. Title 42, Section 1983, to restrain and prevent and to provide redress for the deprivation, under color of state law, of rights secured to the plaintiffs by the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

"2. That the conduct of the defendants, which gives rise to this action, constitutes an undue interference with a federally protected activity as proscribed by U.S.C. Title 18, Section 245(b)(2)(B)(F). Said sections forbid willful injuries, intimidations, or interference with any person because of his religion and because he is enjoying any benefit, service, privilege, program, facility or activity provided by or administered by any state or subdivision thereof, or because he is enjoying the accommodations of an establishment that serves the public.

"3. That jurisdiction is conferred upon this Court by U.S.C. Title 28,

Section 1343(3)(4) and U.S.C. Title 42, Section 1988 [1983] which provides that this Court shall have jurisdiction in suits arising from a denial of civil rights.

"4. That in doing the acts complained of herein, the defendant, Van B. Taylor, acting as Judge of the Probate Court of Logan County, Arkansas, Southern District, was and is acting as an agent of a judicial program administered by the State of Arkansas, and he and the other individual defendants acted pursuant to a conspiracy with the state agent."

Upon the filing of the complaint the plaintiffs urged that it was absolutely necessary that an immediate hearing be held and that defendants be enjoined from further violation of the alleged rights of plaintiffs.

In accordance with the request, the court held a hearing, and on February 20, 1975, entered its order in which it referred to a great many of the allegations in the complaint and denied the prayer for an injunction. It suggested that the parties should appear before the Probate Court for consideration by that court as to any provision relative to the selection of a physician to perform a proposed operation upon the ward, Bobby Allen Oliver, before proceeding to a trial upon the merits; "that further hearing upon the complaint of plaintiffs should be postponed; and the hearing on the complaint be continued until the further orders of the court."

On the day of the hearing, the defendant, Thomas Edward Oliver, Jeptha A. Evans, and Judge Van B. Taylor, stated that they desired to file motions to dismiss the complaint, which motions were filed on March 24.

The plaintiffs gave notice of an appeal from the order of February 20, which is pending in the Circuit Court of Appeals for the Eighth Circuit, where a motion of defendants for dismissal on the ground that the order appealed from is not a final judgment is pending.

In a consideration of the motion of plaintiffs now before the court, the court believes that the request (1) for a change of venue should be first considered, and then the part of the motion (2) for disqualification of the undersigned as Judge will be considered.

One of the defendants is Honorable Van B. Taylor, Judge of the 14th Chancery Circuit of Arkansas, and in the motion it is alleged that on the trial of the issues in this case, that the jurors who will hear the case will be drawn from the said Chancery Circuit in which Judge Taylor resides, and it will therefore be impossible to select a juror who would not be subject to be influenced by the fact that he may in time be required to appear or file a case or be submitted to the jurisdiction of the court presided over by said defendant Taylor.

Judge Taylor lives at Dardanelle, the county seat of Yell County. The 14th Chancery Circuit comprises the Counties of Logan, Perry, Scott and Yell. Arkansas is divided into two Judicia Districts, known as the Western and Eastern Districts. Logan and Scott Counties are in the Western District of Arkansas, while Perry and Yell Counties are in the Eastern District of Arkansas.

All of the defendants are citizens of Arkansas and reside in the Western District of Arkansas except Judge Taylor, who resides at Dardanelle in Yell County, which is in the Eastern District of Arkansas.

All the events upon which the claim is based occurred in the Western District of Arkansas. There is no diversity of citizenship between plaintiffs and any of the defendants.

Title 28, U.S.C.A., § 1391, provides:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

Venue is doctrine of convenience and not jurisdictional. It is a personal privilege of a defendant in a civil suit.

In Japan Gas Lighter Asso. v. Ronson Corp., (D.N.J.1966) 257 F.Supp. 219, the court at page 224 said:

"Venue also limits the forums available to the plaintiff. However, it is a doctrine of convenience, not of constitutional jurisdiction. 1 Moore, Federal Practice, 1317 (2d Ed. 1960); Hart and Wechsler, the Federal Courts and the Federal System, 949–951 (1953). Venue deals with the locality of the suit, that is, with the question of which Court, or Courts, of those that possess adequate personal and subject matter jurisdiction may hear the specific suit in question."

See, also, *Daugherty v. Procunier*, (9 Cir. 1972) 456 F.2d 97.

In *Walker v. Weaver*, (M.D.Pa.1967) 266 F.Supp. 415, the court at page 416 said:

"In the first place, all of the named defendants are residents in the Western District of Pennsylvania. 28 U.S.C. § 1391(b) provides:

" 'A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.'

"Since 28 U.S.C. § 1343, the statute providing for jurisdiction of cases under the Civil Rights Act, has no special venue provision, 28 U.S.C. § 1391(b) applies to this case. 1 Moore's Federal Practice ¶ 0.144(17), p. 1680 (1964 ed.). This action does not rest on diversity of citizenship and under 28 U.S.C. § 1391(b), the plaintiff has no choice of venue, but must bring the action in the district where the defendants reside. 1 Moore's Federal Practice ¶ 0.142(4), p. 1479 (1964 ed.). Since all the defendants reside in the Western District of Pennsylvania, that is where the plaintiff must bring the action."

The above statute, 28 U.S.C.A., § 1391(b), was amended in 1966 by Public Law 89–714 by inserting the words "or in which the claim arose," and is set forth in *Jones v. Bales*, infra.

In *Jones v. Bales*, (N.D.Ga.1972) 58 F.R.D. 453, the court at page 458 said:

"Regarding this action as one pursuant to 42 U.S.C. § 1983, the Court is faced *in limine* with venue issues. There is no special venue statute for civil rights actions. 1 J. Moore, Federal Practice ¶ 0.144[17] at 1680 (1964). Thus, the general venue statute 28 U.S.C. § 1391 (1972 Supp.) controls. Title 28 U.S.C. § 1391(b) provides '[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose.' Since all the defendants here do not reside in this district, the action must be brought where the claim arose."

The case was appealed to the Fifth Circuit, 480 F.2d 805, and was affirmed on the basis of the reasons and authorities cited by the trial court. See, also, *Jimenez v. Pierce*, (S.D.N.Y.1970) 315 F.Supp. 365.

Thus, contention No. 1 of plaintiffs is without merit.

In ground (2) of the motion, the plaintiffs allege (a) that in the course of the hearing the Judge made a statement indicating that he personally knew one of the defendants, Judge Taylor, and that he had the utmost confidence in said defendant and indicated strongly that he felt that the defendant Taylor could be guilty of no uncontitutional acts or improper conduct in relation to the case; and that they have reason to believe that the Judge is prejudiced against them by virtue of his statements and his knowledge of the party defendant in this case; (b) that the plaintiffs are informed and believe that the Judge has predetermined the issues in this case in favor of the defend-

ants and that they believe that they cannot receive a fair trial of the issues before the Judge, and therefore petition him to disqualify and change the venue of this case to another federal district court outside the jurisdictional limits of the State Court Judge, Van B. Taylor.

For many years the only statutory law on the subject of when a Judge should disqualify himself was as set forth in 28 U.S.C.A. § 455.

Almost fifty years ago the American Bar Association formulated the original Canons of Judicial Ethics. They were occasionally amended and were adopted in most states. On October 16, 1972, the House of Delegates of the American Bar Association formulated and adopted seven Canons, in which it was provided that a person to whom the Code becomes applicable should arrange his affairs as soon as reasonably possible to comply with it. The Judicial Conference adopted the Code as formulated and approved by the House of Delegates. Later the Judicial Conference appointed a committee to give further consideration to the Code and to consider amendments thereto. In accordance therewith, the Conference in April 1973 adopted certain amendments to Canon 3(c). Later, Senate Bill 1064 was introduced and passed by the Senate October 4, 1973, and by the House November 21, 1974. The House Report of the Committee on the Judiciary appears in 3 U.S.Cong. & Admin.News, 93d Cong., 2d Sess., 1974, beginning at page 6351. In the report it is stated:

> "The purpose of the amended bill is to amend Section 455 of Title 28 United States Code, by making the statutory grounds for disqualification of a judge in a particular case conform generally with the recently adopted canon of the Code of Judicial Conduct which relates to disqualification of judges for bias, prejudice or conflict of interest."

The report of the Conference Committee was approved by the Senate and House, and the bill was enacted as P.L. 93–512,

88 Stat. 1609, which is now the governing statutory law on the question of when a judge should disqualify himself from proceeding further with a trial.

In *Lazofsky v. Sommerset Bus Co., Inc.,* (E.D.N.Y.1975) 389 F.Supp. 1041, the court had under consideration a motion for disqualification of the trial judge. The court reviewed the facts and referred to the provisions of the Report of the House Judiciary Committee after its consideration of the separate bills that had been passed by the Senate and the House. At page 1044 the Judge in his opinion said:

> "In its report on this Act the House Judiciary Committee states that:
>
> " '* * * This sets up an objective standard, rather than the subjective standard set forth in the existing statute * * *. The language also has the effect of removing the so-called "duty to sit" which has become a gloss on the existing statute. * * *
>
> " 'While the proposed legislation would remove the "duty to sit" concept of present law, a cautionary note is in order. No judge, of course, has a duty to sit where his impartiality might be reasonably questioned. *However, the new test should not be used by judges to avoid sitting on difficult or controversial cases.*
>
> " 'At the same time, in assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis. Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge

where there is a reasonable question of impartiality, *but they are not entitled to judges of their own choice.'* (Emphasis added.)

"Without more definitive statutory language or court interpretation, this Court does not believe that it would be proper for it to attempt to rewrite the law to the indicated extent or even to interpret the above quoted phrases that broadly particularly in view of the consistent rulings of the Supreme Court to the contrary over the years."

The mere allegation of judicial bias is not grounds for a motion to recuse.

Title 28, U.S.C.A., § 144, provides the procedural requirements to be followed when a litigant is dissatisfied with and believes that a judge should be disqualified from further proceeding with the case. The statute provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The motion of plaintiffs is not verified and no affidavit of any kind has been filed by the plaintiffs in support of the allegations contained in the motion. The failure to file a timely and sufficient affidavit requires the overruling of the motion of plaintiffs for disqualification of the Judge.

In *United States v. Inches*, (D.Ariz. 1966) 253 F.Supp. 312, the court held:

"(1) to disqualify a Judge pursuant to 28 U.S.C. § 144 a *party* must file a timely and sufficient *affidavit* that the Judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party;

"(2) even if the Court were to accept the unverified declaration of the defendant, filed with the § 144 motion, as an affidavit it would not be sufficient as '[a] mere showing of prior judicial exposure to the present parties or questions will not invoke the section.' (*Lyons v. United States*, 325 F.2d 370, 376 (C.A. 9), cert. denied 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738); nor would it help the defendant if the Court considered the defendant's affidavit of April 11, 1966, in support of the § 144 motion, not only for the above reason, but the additional reason that it does not include a sworn statement that Judge Walsh has a personal bias or prejudice either against him or in favor of an adverse party."

In *Davis v. United States*, (5 Cir. 1970) 424 F.2d 1061, the court at page 1062 approved and affirmed the judgment and opinion of the lower court in which the court at page 1063 said:

"As stated in *United States ex rel. Bennett v. Meyers*, 3 Cir., 381 F.2d 814 (1967), to doubt the capacity of a trial judge to put aside legally irrelevant matters he has heard would result in 'a complete breakdown of the operation of the machinery of justice.' See also *Walker v. Bishop*, 8 Cir., 408 F.2d 1378 (1969); *United States v. Inches*, D.Ct.Ariz., 253 F.Supp. 312 (1966)."

In *United States v. Mitchell*, (D.C.D. C.1974) 377 F.Supp. 1312, Chief Judge Sirica at page 1316 stated:

"When presented with an affidavit of prejudice made pursuant to § 144, a court may not pass upon the truth or falsity of the allegations, but must ac-

cept them as true for the purpose of determining the legal sufficiency of the affidavit. See *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); and *Korer v. Hoffman*, 212 F.2d 211 (7th Cir. 1954). 'In the last analysis, the statute involved is not concerned with the actual state of mind of the judge or litigant but only with what the latter is willing to incorporate in an affidavit and counsel to indorse.' *Johnson v. United States*, 35 F.2d 355, 357 (W.D.Wash.1929). The mere filing of an affidavit of prejudice does not automatically disqualify a judge, *United States v. Gilboy*, 162 F. Supp. 384, 388 (M.D.Pa.1958), but the judge must pass upon the legal sufficiency of the facts well-pleaded. See *Green v. Murphy*, 259 F.2d 591, 593 (3d Cir. 1958); *Eisler v. United States*, 83 U.S.App.D.C. 315, 170 F.2d 273, 278 (1948). While factual allegations may not be controverted, the affidavit itself must be strictly construed. See e. g., *United States v. Gilboy*, supra, 162 F.Supp. at 388, 389; *Sanders v. Allen*, 58 F.Supp. 417, 420 (S.D.Cal.1944). The judge is presumed impartial. *Beland v. United States*, 117 F.2d 958, 960 (5th Cir.), cert. denied 313 U.S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541 (1941). It must state facts as opposed to conclusions and generalities. *Simmons v. United States*, 302 F.2d 71, 76 (3d Cir. 1962); *Inland Freight Lines v. United States*, 202 F.2d 169, 171 (10th Cir. 1953); *Boyance v. United States*, 275 F.Supp. 772, 774 (E.D.Pa.1967), and while the information and belief of the affiant as to the truth of the allegations are sufficient, *Berger v. United States*, supra, 255 U.S. at 34, mere rumors and gossip are not enough, Id. at 33. The identifying facts of time, place, persons, occasion and circumstances must be set forth, *Johnson v. United States*, supra, 35 F.2d at 357, with at least that degree of particularity one would expect to find in a bill of particulars. See *Morse v. Lewis*, 54 F.2d 1027, 1032 (4th Cir. 1932); *United States v. Gilboy*, supra 162 F. Supp. at 392–393."

A strict construction of an affidavit in support of such a motion is required. The affidavit must state facts as opposed to conclusions and generalities. Evidently the plaintiffs were unwilling to execute and file the required affidavit, but had such affidavit been executed and merely followed the allegations of the motion, it would have been insufficient and would not disqualify the Judge. Therefore, contention No. 2 of the plaintiffs is without merit, and the motion should be overruled and an order overruling and denying said motion in toto is being entered today.