**UNITED STATES of America, Plaintiff,**

v.

**Marvin W. DAVIDSON, Steve Baker, Frederick C. Larrance, aka Rick, Danny Rose, Pablo Hernandez, Jr., Bill Pence, Bill Hill, Juan Francisco Gonzalez, Jr., Modesto I. Gonzalez, Phillip Gaddy aka Peto, Ernesto Montelongo aka Neto, Robert Gonzalez, Jose Griego Morena and Ramon Acosta aka Ray, Defendants.**

**No. CR–77–00148–D.**

United States District Court,
W. D. Oklahoma.

May 17, 1979.

John E. Green, Acting U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Ray Gene Smith, Wichita Falls, Tex., Bill Sexton, Lawton, Okl., for defendant Rose.

## ORDER

DAUGHERTY, Chief Judge.

Defendant has filed herein a "Motion to Disqualify the Honorable Fred Daugherty, Judge Presiding for Sentencing Phase of Trial" and a "Second Motion to Amend Conditions for Release." Defendant has also filed an "Additional Motion for Disqualification of Judge and Modification of Bond" which incorporates the foregoing Motions as an exhibit. The Court will consider the disqualification and conditions of release issues presented by the pending Motions seriatim.

### DISQUALIFICATION

In his Motions Defendant asks that the undersigned be disqualified from the sentencing phase of Defendant's case because of alleged prejudice against Defendant and all individuals charged with "dope crimes" and "drug pushers." Although Defendant has not cited any relevant statutory authority, the Court will consider Defendant's Motions within the framework of the two pertinent federal statutes: 28 U.S.C. § 144, governing reassignment of cases due to bias or prejudice of a district judge, and 28 U.S.C. § 455, governing the disqualification of judges.

§ 144 establishes a specific procedure by which a litigant may challenge the impartiality of a district court judge prior to or during any proceeding and provides:

*Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In the instant case Defendant has not filed the affidavit which is required by the express terms of § 144. The absence of this document is a significant defect in a motion to disqualify a judge. *Simonson v. General Motors Corp.*, 425 F.Supp. 574, 578 (E.D.Pa.1976). Such procedural defects in themselves are ordinarily sufficient to defeat a motion for disqualification. *See United States v. Azhocar*, 581 F.2d 735, 738 (Ninth Cir. 1978); *Galella v. Onassis*, 487 F.2d 986, 997 (Second Cir. 1973); *Walters v. United States*, 404 F.Supp. 996, 998 (S.D.N.Y.1975), *aff'd mem.*, 542 F.2d 1166 (Second Cir. 1976); *Harley v. Oliver*, 400 F.Supp. 105, 110 (W.D.Ark.1975); *United States v. Clark*, 398 F.Supp. 341, 362 (E.D.Pa.1975), *aff'd mem.*, 532 F.2d 748 (Third Cir. 1976).

§ 455 provides in pertinent part:

*Disqualification of justice, judge, magistrate, or referee in bankruptcy*

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . .

§ 455, the statutory standard for disqualification of a judge, is self-enforcing on the part of the judge. It may also be asserted by a party to the action by means of a motion in the trial court. *Parrish v. Board of Commissioners*, 524 F.2d 98, 102, n. 8 (Fifth Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *United States v. Conforte*, 457 F.Supp. 641, 651 (D.Nev.1978).

§ 455(a) is general in nature and does not rest on the personal bias and prejudice structure of either § 144 or § 455(b)(1). *Parrish v. Board of Commissioners, supra*, 524 F.2d at 103. It is broader than § 144, disqualification being warranted not only where there is actual bias or prejudice, but where the impartiality of a judge might reasonably be questioned. *United States v. Ritter*, 540 F.2d 459, 462 (Tenth Cir. 1976), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). However, § 455(a) does not "amount to a grant of automatic veto power in order that counsel might choose a judge who meets with their approval." *Samuel v. University of Pittsburgh*, 395 F.Supp. 1275, 1277 (W.D.Pa. 1975), *vacated on other grounds*, 538 F.2d 991 (Third Cir. 1976).

§ 455(b)(1) is substantially similar to § 144. The standard under § 455(b)(1) is similar to the standard under § 144: whether a reasonable person would conclude that a judge is biased or prejudiced against a particular defendant. Moreover, the bias or prejudice must be personal which generally requires that such be established by matters outside and apart from litigation. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (Fifth Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). This Defendant has not done. Furthermore, Defendant has not shown the Court any reason to require recusal under the above standard. Nor has Defendant shown the undersigned to have personal knowledge of disputed facts involved herein.

Upon examination of Defendant's Motion to Disqualify and Additional Motion for Disqualification, the Court determines that Defendant has not shown the Court any reason requiring recusal under 28 U.S.C. §§ 144, 455(a) or 455(b)(1). Accordingly, Defendant's Motions should be overruled insofar as disqualification is sought.

CONDITIONS OF RELEASE

In his "Second Motion to Amend Conditions for Release" Defendant asks the Court to reduce the $25,000 cash or surety bond previously set by the Court to $5,000. However, the instant Motion is virtually identical to Defendant's Motion to Amend Conditions of Release overruled by the Court on March 14, 1979. Therefore, as neither Defendant's "Second Motion to Amend Conditions for Release" nor his Ad-

830

ditional Motion for Modification of Bond have presented a substantive reason requiring the Court to reverse its earlier order and reduce Defendant's bond, the Court determines that said Motions should be overruled.

In view of the foregoing, the Court finds and concludes that Defendant's "Motion to Disqualify the Honorable Fred Daugherty, Judge Presiding for Sentencing Phase of Trial," "Second Motion to Amend Conditions for Release" and "Additional Motion for Disqualification and Modification of Bond" should be overruled.