**Elvy RHYNES, aka Jack Rhynes, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 73–1196

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 11, 1973.

Elvy Rhynes, pro se.

Robert L. Shevin, Atty. Gen., Michael M. Corin, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

The only issue left in this case is whether appellant was sentenced in Florida state court without presence of counsel. The federal District Court denied relief based on the finding of the Florida state court entered in a Rule 1.850, 33 F.S.A., proceeding that appellant was represented by counsel when sentenced. That order was entered by a judge other than the sentencing judge and without an evidentiary hearing. The minutes of the sentencing which are before us do not show, nor are we able to find anything else in the record which shows, the presence of counsel. See Gutierrez v. Estelle, 474 F.2d 899 (CA5, 1973). The State of Florida, while not conceding that either the Rule 1.850 order of the state court, or the federal District Court order relying thereon, is erroneous, commendably suggests that the interests of justice can be fulfilled only by an evidentiary hearing. We agree.

Vacated and remanded.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.