Carey M. **HOROWITZ** LCIS 73622

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary.

Civ. A. No. 19101.

United States District Court,
W. D. Louisiana,
Shreveport Division.

July 25, 1973.

James B. Wells, Bossier City, La., for plaintiff.

Charles A. Marvin, Dist. Atty., Minden, La., and Henry N. Brown, Jr., Asst. Dist. Atty., Benton, La., for defendant.

## RULING

DAWKINS, Chief Judge.

July 18, 1973, as a part of our Order herein, we held that an evidentiary hear-

ing must be conducted by this Court and set the date of the hearing. However, since our Order was filed, the respondent, through Honorable Henry N. Brown, Jr., Assistant District Attorney, 26th Judicial District of Louisiana, filed in this Court on July 23, 1973, a pleading, together with the transcript of an evidentiary hearing consisting of 148 pages which was held by the State trial Court on February 26th and 27th, 1973, at Benton, Louisiana. Therefore, that part of our Order directing that an evidentiary hearing be held by this Court is recalled and vacated.

The record now is complete. Thus we are permitted to decide the merits of this habeas application, based upon the record, which provides petitioner with the equivalent of a full and fair evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Dempsey v. Wainwright, 471 F.2d 604 (5th Cir., 1973).

From the record and transcript of the State Court evidentiary hearing, we find that J. Stacey Freeman was retained counsel for Harold Leo Williford and Court-appointed counsel for petitioner, Carey M. Horowitz, arising from related charges against each of the defendants covering the same or similar offenses. We further find that Freeman was appointed by the Court February 15, 1972, to represent petitioner, appeared with him on February 22, 1972, and entered a plea of Not Guilty, and again appeared with him in open Court May 24, 1972, when petitioner withdrew his "Not Guilty" plea and entered a plea of "Guilty." On the same day, May 24, 1972, Freeman, as counsel for petitioner and Williford, called petitioner as a witness in the trial of Williford to try to exonerate his retained client, Williford.

June 27, 1972, petitioner was sentenced to serve 10 years in the Louisiana State Penitentiary, but Freeman, his Court-appointed counsel, was not present at the sentencing, a Mr. James M. Bullers, an attorney, being present, who had not been appointed by the Court to represent petitioner, nor had petitioner ever seen or heard of him to his knowledge prior thereto. Freeman stated at the evidentiary hearing that he did not think it necessary for an attorney to be with his client at sentencing (Tr. P. 124).

From a complete review of the record we conclude as a matter of law that petitioner was denied effective assistance of counsel. The law in the Fifth Circuit was enunciated in Fitzgerald v. Beto, 479 F.2d 420 (5th Cir., 1973), which is stated:

"The legal principles which control the decision of this appeal have just been settled in the case of West, III v. State of Louisiana, 5th Cir., 478 F.2d 1026. What was said in that opinion need not be repeated here. The opinion in that case declared the law in this Circuit to be that the due process and equal protection clauses of the Fourteenth Amendment assure a state defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed, and further, that the applicable standard should be that stated in McKenna v. Ellis, 5th Cir. 1960, 280 F.2d 592, 599. Applying that standard, it is clear from the undisputed facts that Fitzgerald was denied the effective assistance of counsel. The judgment denying habeas corpus is therefore reversed and the case is remanded with directions to grant Fitzgerald's petition for habeas corpus."

In Rhynes v. Wainwright, 480 F.2d 561 (5th Cir., 1973), sentence was vacated and the case was remanded for an evidentiary hearing to determine if that petitioner had had an attorney present when he was sentenced, citing Gutierrez v. Estelle, 474 F.2d 899 (5th Cir., 1973).

Other cases in which state sentences were vacated due to ineffective counsel are West, III v. State of Louisiana, 478 F.2d 1026 (5th Cir., 1973); Gov't of Canal Zone v. (Corrella), 479 F.2d 1253 (5th Cir., 1973); and Gomez v. Beto, 5th Cir., 462 F.2d 596 (5 Cir., 1972).

It, therefore, is ordered that the ten-year sentence imposed upon petitioner June 27, 1972, by the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, be vacated, and that petitioner be rearraigned with adequate counsel within thirty (30) days from this date, or released from custody.

Jurisdiction of this case is retained by this Court pending final outcome of the State Court proceedings.