**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Henry LEWIS, Defendant-
Appellant.**

**No. 73-2336**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1973.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409.

James D. Sullivan, court-appointed, Mobile, Ala., for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

In this appeal from his conviction on two counts of distribution and possession with intent to distribute Seconal and Tuinal, Schedule III controlled substances, in violation of 21 U.S.C.A. § 841(a)(1), Lewis raises two issues: First, that the District Court erred in refusing to require the prosecution's informer-witness to identify his regular employer; and second, that the prosecution introduced an invalid prior felony conviction to impeach Lewis' testimony. The first complaint lacks merit. The second cannot be adjudged without the hearing which we now require to determine whether Lewis was represented by, or validly waived, counsel at the prior conviction.

■ During cross-examination of Raymond Earl Chapman, an undercover agent and informer for the Bureau of Narcotics and Dangerous Drugs, Lewis' counsel asked whom he normally worked for. Chapman was reluctant to answer, and the District Court did not require him to do so. However, full information about Chapman's identity, background, residence and type of work was elicited during direct and cross-examination. Lewis had full opportunity to identify and place Chapman in his proper setting. He, therefore, was not denied the right to confrontation. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L. Ed. 624 (1931); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); United States v. Alston, 460 F. 2d 48 (5th Cir., 1972).

Lewis took the stand in his own defense and denied selling the "red birds" and "Christmas trees" to the government agents. On his cross-examination, the District Court admitted, over objection, evidence of a 1961 federal felony conviction for mail theft. The record of commitment and judgment indicated that Lewis had ". . . elected to proceed without counsel and entered a guilty plea." On appeal, Lewis asserts that, as he neither waived nor had counsel at his plea of guilty in 1961, it was invalid and unavailable to impeach his character in the present case.

■ In Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the Supreme Court precluded the use for impeachment purposes of a conviction which was constitutionally invalid because the accused was denied the right to counsel.[1] The disposition of this appeal turns on the question of whether Lewis was denied counsel at his earlier conviction.[2] The District Court here correctly discerned the *Loper* rule but erred in accepting the statement in the commitment and judgment document, "he elected to proceed without counsel," as a conclusive indication that Lewis had known of his right to counsel; had known of his right, if indigent, to appointed counsel; and had knowingly, voluntarily and intelligently waived these rights.

Faced with the challenge to the government's use of an assertedly unconstitutional conviction for the purpose of impeachment, the Court properly put on the government the burden of defending the prior conviction. Craig v. Beto, 458 F.2d 1131 (5th Cir., 1972); Gutierrez v. Estelle, 474 F.2d 899 (5th Cir., 1973). But a minute entry or unsubstantiated

---

1. Cf. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

2. Lewis' situation does not fall within the exception to the *Loper* decision developed in United States v. Nadaline, 471 F.2d 340, 347 (5th Cir., 1973). In *Nadaline,* we held that the "rule does not apply if the impeachment is justified by specifically false testimony given while on the witness stand." Here, the prosecutor did not introduce Lewis' prior conviction to refute any specific testimony but simply to impeach Lewis' character and veracity in general.

statement in an official document, such as the government utilized here, does not provide a sufficient basis for the trial judge, or for us, to conclude that the appellant voluntarily and knowingly waived his right to counsel. Dulin v. Henderson, 448 F.2d 1238 (5th Cir., 1971); Loper v. Beto, *supra*; Molignaro v. Dutton, 373 F.2d 729 (5th Cir., 1967).

This issue has arisen frequently in the contest of collateral attacks on judgments. See Craig v. Beto, *supra*; Gutierrez v. Estelle, *supra*; Loper v. Beto, *supra*. In those cases, the natural solution was remand for an evidentiary hearing. Although this case is a direct criminal appeal, the efficient course here as well is remanded to the District Court for an evidentiary hearing on whether Lewis was represented or had validly waived his right to counsel at his 1961 conviction. See Mitchell v. United States, 482 F.2d 289 (5th Cir., 1973).

As in United States v. Impson, 482 F. 2d 197 (5th Cir., 1973), this case presents an appropriate situation for a Jackson v. Denno [3] type of posttrial hearing. In *Impson*, the issue was probable cause for a search which led to incriminating evidence and contraband. We pointed out that the lack of a determination that probable cause existed did

> . . . not go to the validity of the conviction. Whether there is probable cause for the search is not a matter with which the jury is concerned or which could in any way influence its decision. The evidence either is, or is not, admissible and that is a determination in the first instance to be made by the trial judge.

482 F.2d at 199.

In Lewis' situation, the presence or waiver of counsel at his previous conviction is the same sort of issue as probable cause in Impson's case. It does not directly undermine the validity of Lewis' present conviction; the jury is uncon-

cerned, and the existence or waiver of counsel is determinative of the admissibility of the prior conviction.

If the prior conviction met the appropriate constitutional standards, the present conviction stands. If it did not, the present conviction must be set aside and a new trial held. Consequently, we vacate the judgment of conviction and remand for consistent proceedings, including a resentence if the evidence of the prior conviction was validly admitted.

Vacated and remanded.

---

3.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).