Carey M. HOROWITZ, LCIS 73622, Plaintiff-Appellee,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Defendant-Appellant.

No. 73-3253.

United States Court of Appeals, Fifth Circuit.

April 19, 1974.

**1166**

Charles A. Marvin, Dist. Atty., 26th Judicial Dist., Henry N. Brown, Jr., First Asst. Dist. Atty., Benton, La., for defendant-appellant.

James B. Wells, Bossier City, La., for plaintiff-appellee.

Before GEWIN, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Carey M. Horowitz pleaded guilty in state court to a charge of distributing a non-narcotic controlled dangerous substance, and was sentenced to ten years at hard labor. He sought a writ of habeas corpus in the state sentencing court, which denied relief after an evidentiary hearing. The Louisiana Supreme Court affirmed.

Pursuant to 28 U.S.C. § 2254, he then filed a petition for writ of habeas corpus in the United States District Court for the Western District of Louisiana, alleging the same errors previously presented to the state courts. Following a review of the transcript of the state evidentiary hearing but without conducting an independent hearing, the district court ordered the State of Louisiana to rearraign petitioner within thirty days or release him. The State has appealed.

The State argues that the district court's holding that petitioner was denied effective assistance of counsel at his sentencing, even if correct, would require re-sentencing, not rearraignment or release.[1] At oral argument counsel for Horowitz responded that the district

court's holding was that Horowitz received ineffective assistance of counsel at the time he entered his guilty plea, which would justify the rearraign or release order. While the record in the case might well support a finding that Horowitz was denied effective assistance of counsel at the pleading stage, he did make both arguments, and which was the *ratio decidendi* below is unclear from the district court's opinion.

Accordingly, we remand the case with instructions that the district court clarify its holding.[2]

Remanded.

---

1. *See* Gutierrez v. Estelle, 5 Cir. 1973, 474 F.2d 899.

2. Regarding Horowitz' claim that he was denied the effective assistance of counsel at the pleading stage, the district court should con-

sider the Supreme Court decisions in Tollett v. Henderson, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, and Dukes v. Warden, 1972, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45.