**David A. DAVIS, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 73-3721.**

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1974.

Rehearing Denied Dec. 3, 1974.

Roney, Circuit Judge, dissented and filed opinion.

David L. Loving, III, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Robert C. Flowers, Asst. Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant, sentenced by a Texas jury in 1966 to life imprisonment enhanced by two prior felony convictions—one state and one federal, attacks this sentence by habeas corpus on the grounds that both of these underlying prior convictions were constitutionally defective. Because we find the record regarding the 1949 state conviction inadequate to

enable us to consider his case properly, we reverse the District Court and order a further evidentiary hearing.

Appellant in 1966 was tried and convicted of theft and fraudulently concealing stolen property in Dallas County, Texas. Two prior felony convictions, one state (1949) and one federal (1963), were proved for enhancement. Based on these convictions, appellant was mandatorily sentenced to life imprisonment.

Since that enhanced sentence, appellant has attempted to upset it by a concerted attack on the individual convictions. Because one of the convictions used for enhancement was federal and appellant pursued some of the same issues in the prior collateral attack on that conviction, this Court has had the opportunity to consider these challenges previously. Thus, in the first two appeals we have heretofore rejected appellant's arguments that the conviction was invalid because of an illegal arrest on the grounds that no evidence resulting from his arrest was shown to have been offered against him at trial [1] and, similarly, we have rejected his argument that he was denied a right of appeal from his 1963 conviction on the grounds that no claim of indigency or the right to appeal was ever presented to the trial court.[2]

■ In this attack which is doubly collateral since it attacks the validity of a Texas enhanced sentence because of a defect in an underlying Federal sentence, we have no difficulty in rejecting at this late date the asserted failure to give him notice of the right to appeal. In the circumstances here, this is not on a constitutional plane. *See* Brewen v. United States, 5 Cir., 1968, 396 F.2d 350.

■ The only point worthy of mention is appellant's argument against the use by the state court of his federal sentence for purposes of enhancement because it was probated. He would be on sound ground here if the prior conviction were one from Texas. For the Texas rule is that a suspended or probated sentence is not a final judgment or conviction on which a Court may predicate enhancement.[3] In contrast, the federal rule is that a suspended or probated sentence is regarded as having the same effect as any other as the statute plainly permits.[4]

1. Davis v. United States, 5 Cir., 1970, 424 F.2d 1061, cert. den., 400 U.S. 836, 91 S.Ct. 72, 27 L.Ed.2d 68.

2. Davis v. United States, 5 Cir., 1971, 448 F.2d 781, cert. den., 405 U.S. 976, 92 S.Ct. 1200, 31 L.Ed.2d 250.

3. *See* Texas Penal Code § 12.42(d) V.T.C.A. (1974); White v. Texas, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1962).

4. See, *e. g.* 18 U.S.C.A. § 3651.
§ 3651. *Suspension of sentence and probation*
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.
 Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
 The court may revoke or modify any condition of probation, or may change the period of probation.

Appellant attacks his 1949 state conviction on the ground that he was without counsel at the time of sentencing. The state generally does not contest the importance of counsel at the time of sentencing and counsel for Texas on oral argument recognized that if there is any real probability that counsel would have aided appellant, his Sixth Amendment rights might have been violated at the time of that conviction.[5] Instead, the state points us to our case of Gutierrez v. Estelle, 5 Cir., 1973, 474 F.2d 899 in which this Court held that a prior Texas felony sentence in which counsel was present during the trial but not at the time of sentencing could nevertheless be used for the purposes of enhancement because it was the fact of the underlying *conviction* that triggered the enhancement not the sentence, no matter how constitutionally infirm.

But now *Gutierrez* comes here with a new twist. Appellant would escape from *Gutierrez* on the basis that presented here, but not raised there, is the contention that the *sentence*—which *Gutierrez* found woefully bad—might have been probated had his counsel been present and had the sentence been probated that would have triggered the Texas rule (see note 3 *supra*). In that event the 1949 conviction would not have been used for enhancement.

If that theory is factually supported, *Gutierrez* might well not stand in the way despite its language which is quite positive.

 But the trouble is that the state record is scanty. On June 6, 1949, appellant appeared before the District Judge in McLennan County to plead guilty to the felony of theft. The Court recorded the presence of his counsel, Levi Pressley, on the docket sheet early in the day; Pressley submitted an application to the court for probation; and the Court ordered appellant back at 2:00 p.m. for the Court's determination of

sentence. Appellant returned to the Court that afternoon. When the Court passed sentence without probation, the docket sheet is silent on the presence of Pressley at that specific time. Appellant now asserts that Pressley was not present at sentencing.

On the state court habeas 11.07 hearing the state judge resolved the issue against appellant on the grounds of his lack of credibility. And the Federal court found adequate basis for this conclusion. But no effort was made, either in the state proceedings or in the Federal habeas case, to ascertain whether any of the principals—judge, prosecutor, or defense counsel—were available to testify on whether counsel was present.

In conjunction with counsel and by our own resources it seems now to be established that all of the actors in that Waco hearing are now dead except that the prosecutor is still living in Canyon, Texas. He may be able even at this late date to throw some light on this matter.

As this case presents a new problem, not expressly determined by *Gutierrez* we should have before us the best available information before we determine what should be done and whether *Gutierrez* is controlling. Because the prosecutor is still living, we remand this case to the District Court for a further hearing and determination on an expedited basis of appellant's contention that counsel was not present at sentencing.

As we do not know the outcome of such further determination, we do not in any way undertake to say what the decision will be on this issue or what result is or should be compelled by *Gutierrez* under any of the several hypotheses offered. We simply want to speak to issues that have inescapably constitutional overtones on a real, not an academic basis.

Affirmed in part, reversed in part and remanded.

The period of probation, together with any extension thereof, shall not exceed five years.

5. Mempa v. Rhay, 1967, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336.

RONEY, Circuit Judge (dissenting):

I respectfully dissent. There is no evidence in the record and no existing evidence suggested by the briefs or the majority opinion which would establish even a prima facie base for a decision that this petitioner could have obtained a probated sentence for his 1949 Texas conviction. On this record, I think we are required by Gutierrez v. Estelle, 474 F.2d 899 (5th Cir. 1973), to affirm the District Court, even if we do what we are not supposed to do, i. e., disregard the credibility decision of the trial court and assume counsel was not present at the 1949 sentencing. Instead of relying on the record and the clear authority of *Gutierrez*, however, we make our own investigation of the facts outside the record and send the case back for an evidentiary hearing about a 25 year old state case concerning a fact point which should not make a shred of difference in the outcome of this case, if we are to follow *Gutierrez*. This appears to me to be a waste of judicial resources. I would affirm.

Hunter, Circuit Judge, dissented and filed opinion in which Seitz, Chief Judge and Van Dusen, Circuit Judge, joined.

Adams, Circuit Judge, dissented and filed opinion.