Paul E. and Ruth V. PUCKETT,
Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE,
Respondent-Appellant.

No. 75–1913
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1975.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Leonard J. Henzke, Jr., George G. Wolf, Gilbert E. Andrews, Acting Chief, Appellate Sec., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, I.R.S., Washington, D. C., for respondent-appellant.

Harvey G. Schneider, St. Louis, Mo., for petitioner-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge.

The issue involved in this appeal has been quite clearly and succinctly stated by the Commissioner in his suggestion that this case be heard by the Court en banc, as follows (footnotes omitted):

"The issue involved in this appeal generally concerns the Subchapter S status of a finance company (here, First Finance Corporation (Finance)), of which appellee Paul E. Puckett (Puckett) was a 50 percent shareholder during the years in issue, under the Internal Revenue Code of 1954 (26 U.S.C.). More specifically, the issue involves whether the Subchapter S status of a finance company must terminate because its 'interest' income exceeds the 20 percent limitation on such 'interest' income in Section 1372(e)(5). The Tax Court below held that as to this taxpayer—a resident of the Fifth Circuit—the Subchapter S status did not terminate since the general title of the 'interest' limitation is 'personal holding company income,' and Section 542(c) of the Code exempts finance companies from the personal holding company tax provisions. This Court, in an opinion written by Senior Judge O'Sullivan of the Sixth Circuit, has previously ruled in favor of the taxpayer on this precise issue. *House v. Commissioner*, 453 F.2d 982 (1972).

"The facts of this case are, in our view, legally indistinguishable from the facts involved in the *House* case. We understand the policy and practice of this Court to be that a rule of law announced by one panel, will not be overruled or set aside by another panel, and that this can be done only by the full Court sitting *en banc*. *United States v. Lewis*, 475 F.2d 571, 574 (1973), rehearing denied, 472 F.2d 1405 (1973). Accordingly, submission of this case to a three-judge panel could only, in light of the opinion in *House*, result in a *per curiam* affirmance of the Tax Court's decision."

The Commissioner further submitted, with all due respect, that *House v. Commissioner, supra*, was erroneously decided, and that other Circuits have announced decisions in substantial conflict with *House*. No other Circuit has adopted a position similar to that in *House*.

As the initiating Judge in this particular case, under our Fifth Circuit screening procedures, and acting upon the suggestion of the Commissioner, I have requested and obtained a poll of all the Judges in active service as to whether this case should be heard en banc. The outcome of the poll is that three Judges voted to hear the case en banc, while ten voted not to do so.

That being the situation, the judgment of the Tax Court, from which this appeal has been taken, under the authority of *House v. Commissioner, supra*, is

Affirmed.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.