David A. DAVIS, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73–3721.

United States Court of Appeals, Fifth Circuit.

March 24, 1976.

438

David L. Loving, III, Dallas, Tex. (Court-appointed), for plaintiff-appellant.

Robert C. Flowers, Jr., Asst. Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, Chief Judge, GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

On October 14, 1974, we remanded this case to the district court for the purpose of holding an evidentiary hearing to determine whether counsel was present at petitioner's 1949 sentencing on a state conviction for theft. *Davis v. Estelle*, 502 F.2d 523 (5th Cir. 1974). The 1949 conviction, along with a 1963 federal conviction for forgery and passing a Government treasury check, was used to obtain a mandatory life sentence on a 1966 conviction for theft and fraudulently concealing stolen personal property. Confined under this mandatory life sentence, Davis attacked the sentence in his petition for writ of habeas corpus. The district court had denied the writ.

After an evidentiary hearing on remand, the district court found that petitioner did not have counsel present at the 1949 sentencing, that he applied to the court at that time for a suspended sentence, that he had not been previously convicted of a felony offense, and that there was a real probability that counsel would have aided petitioner at sentencing. The district court reported these findings to us, pursuant to our prior order, so that we now have before us for review the denial of habeas corpus relief.

On the prior appearance of this case before the Court, I dissented from a remand on the theory that the case of *Gutierrez v. Estelle*, 474 F.2d 899 (5th Cir. 1973), required a denial of the petition for writ of habeas corpus, even if counsel was not present at the 1949 sentencing, so that an evidentiary hearing would be useless. 502 F.2d at 526. The remand, directed by Chief Judge Brown and Judge Godbold, was the wiser course. With a greater understanding of the different use Texas makes of a conviction followed by commitment as distinguished from a conviction followed by probated sentence, and after a behind-the-opinion study of *Gutierrez*, I now join a unanimous court in deciding that petitioner is entitled to a writ of habeas corpus on the facts found by the district court.

■■ First, let us briefly examine the established law as it applies to this case and then we will deal with *Gutierrez*. After a long line of cases commencing with the familiar *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the law is now well settled that a criminal defendant is entitled to counsel at every stage of a criminal proceeding where substantial rights are involved.[1] Absent a valid waiver by an indigent defendant, counsel must be provided by the state.[2] The district court in this case found no waiver of counsel by the admit-

---

1. *See, e. g., Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *See Kitchens v. Smith*, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971) (*Gideon* fully retroactive); *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (*Mempa* held retroactive).

2. *Burgett v. Texas, supra*, 389 U.S. at 114, 88 S.Ct. at 261, 19 L.Ed.2d at 324; *Goodwin v. Smith*, 439 F.2d 1180, 1182 (5th Cir. 1971); *Hillyer v. Dutton*, 379 F.2d 809, 810 (5th Cir. 1967). *See Carnley v. Cochran*, 369 U.S. 506, 512–513, 82 S.Ct. 884, 888, 8 L.Ed.2d 70, 75 (1962); *Johnson v. Zerbst*, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

tedly indigent Davis at the 1949 sentencing. But it is also the law that a sentence is not automatically invalidated because counsel was not present.[3] Even without such a *per se* rule, however, in those cases which hold that the probability of a lesser sentence on the facts of the case classified the sentencing as a critical stage requiring counsel, the petitioner is only entitled to be resentenced. The conviction itself is not invalidated.[4]

What makes this 1949 sentencing, a sentence already served, critical to the 1966 mandatory life sentence? The answer is found in Texas law. Only a final conviction can be used to mandatorily enhance a sentence to life. A probated sentence deprives the conviction of the necessary finality.

The Texas statutes require the imposition of a mandatory life sentence upon the third conviction for a felony. Article 63 provided:

*Third conviction for felony*

Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

This Article was applicable at the time of Davis' 1966 enhanced sentencing, although that statute has since been revised and renumbered. *See* Tex.Pen. Code § 12.42.[5] Nevertheless, case law arising under the old Article 63 would presumably still be effective. Tex.Pen. Code § 12.42, at 413–414 (Practice Commentary). Accordingly, even though this case is judged under the requirements of Article 63, its outcome would be no different under § 12.42.

The Texas habitual criminal statute has been interpreted to provide that only a final conviction can be used to mandatorily enhance a subsequent sentence.[6] In determining what constitutes finality, Texas courts have held that a probated or suspended sentence prevents the conviction from being final for purposes of enhancement.[7] Some states follow the Texas pattern.[8] Other states, however, hold that conviction with a probated sentence can be used for enhancement.[9] Federal law comports

---

**3.** *See Williams v. Beto*, 354 F.2d 698, 704 (5th Cir. 1965); *United States v. Carroll*, 510 F.2d 507, 511–512 (2d Cir. 1975); *Vitoratos v. Maxwell*, 351 F.2d 217, 223 (6th Cir. 1965); *cf. Fairris v. Beto*, 446 F.2d 1290, 1292 (5th Cir. 1971); *Walton v. United States*, 92 U.S.App. D.C. 26, 27, 202 F.2d 18, 20 (1953).

**4.** *Worts v. Dutton*, 395 F.2d 341, 344–345 (5th Cir. 1968); *see Turnbow v. Estelle*, 510 F.2d 127, 129–130 (5th Cir. 1975).

**5.** Section 12.42 provides in full:
§ 12.42. *Penalties for Repeat and Habitual Felony Offenders*
(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony.
(b) If it be shown on the trial of a second-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first-degree felony.
(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or

for any term of not more than 99 years or less than 15 years.
(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

**6.** *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App. 1974); *Nealy v. State*, 500 S.W.2d 122 (Tex.Cr. App.1973); *Newsom v. State*, 136 Tex.Cr.R. 114, 123 S.W.2d 887 (1938).

**7.** *White v. State*, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1962); *Ellis v. State*, 134 Tex. Cr.R. 346, 115 S.W.2d 660 (1938); *Arbuckle v. State*, 132 Tex.Cr.R. 371, 105 S.W.2d 219 (1937); *Fetters v. State*, 108 Tex.Cr.R. 282, 1 S.W.2d 312 (1927); *Brittian v. State*, 85 Tex. Cr.R. 491, 214 S.W. 351 (1919).

**8.** *See* Annot., 5 A.L.R.2d 1080, 1086–1088 (1949), and cases updated in Later Case Service at 708.

**9.** *See, e. g.,* cases collected in 5 A.L.R.2d 1080, 1086 (1949), and Later Case Service at 709.

with the latter view.[10] Thus, under Texas law, if Davis had been given and completed probation in 1949, the fact of that conviction could not have been used for enhancement in the 1966 proceedings.[11]

■ Important to note is that the instant case deals only with mandatory enhancement of a sentence pursuant to Article 63/§ 12.42(d) of the Texas Penal Code. This is to be distinguished from Article 37.07(3)(a) of the Texas Code of Criminal Procedure which allows introduction of a prior criminal record at the penalty stage of a bifurcated trial for consideration by the sentencing authority in the determination of what sentence will be given within the maximum permitted. Section 37.07(3)(a) makes no distinction between convictions, whether probation had been granted or not.[12] Making no difference whether probation is granted or not, counsel at a prior sentencing would not matter under § 37.07(3)(a). This distinction is well demonstrated by our holding in *Mays v. Estelle*, 505 F.2d 116 (5th Cir. 1974).

■ In this case, however, if Davis had obtained probation at his 1949 sentencing, and fulfilled the requirements of probation, that conviction could not have been used to obtain the mandatory life sentence which he is now serving.

The finding of the district court that probation was a real probability, if not strictly protected by the clearly erroneous standard of Rule 52(a), F.R.Civ.P., appears to be a reasonable inference which we should not disturb on appeal. At the time of the plea, Texas law allowed probation where there was no prior criminal record. Davis had no prior criminal record in 1949.[13] Texas itself has recognized the importance of counsel at the sentencing stage where probation could be obtained. Section 42.12(3a), Texas Code of Criminal Procedure, provides that if a defendant applies for probation before the jury he is given right to counsel to prepare a motion if at the time he is without counsel.[14]

Thus with Texas law making the type of sentence critical to the use of the conviction for enhancement purposes, and the factual finding that probation was a probability that counsel could have aided at sentencing, the constitutional mandate that counsel be provided at every critical stage to comport with the Sixth and Fourteenth Amendments takes over and entitles petitioner to have his mandatory life sentence set aside.

■ How do we square this result with the holding in *Gutierrez v. Estelle*? One panel of this Court cannot disregard the precedent set by a prior panel, even though it conceives error in the precedent. Absent an overriding Supreme Court decision or a change in the statutory law, only the Court *en banc* can do this.[15] In *Gutierrez*, the Court held:

[T]hat prior felony sentences which could be subject to attack for failure of counsel to appear at sentencing do not nullify the fact of the underlying

---

10. *See* 18 U.S.C.A. § 3651; *Davis v. Estelle, supra*, 502 F.2d at 524; *Tanzer v. United States*, 278 F.2d 137 (9th Cir. 1960).

11. *Cf. Doby v. State*, 383 S.W.2d 418 (Tex.Cr. App.1964), *cert. denied*, 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804 (1965) (probation revoked and sentence imposed would constitute final conviction for enhancement); *Cromeans v. State*, 160 Tex.Cr.R. 135, 268 S.W.2d 133 (1954).

12. *Mays v. Estelle*, 505 F.2d 116, 118 (5th Cir. 1974); *Glenn v. State*, 442 S.W.2d 360, 362 (Tex.Cr.App.1969). *See also* Tex.Code Crim. Pro. § 38.29; *Nichols v. State*, 494 S.W.2d 830 (Tex.Cr.App.1973); *Smith v. State*, 455 S.W.2d 282 (Tex.Cr.App.1970).

13. *See* Tex.Code Crim.Pro. Art. 781(b) (Adult Probation and Parole Law) (now repealed); Articles 776–781 (Suspended Sentence Law) (now Art. 42.12); *Dunn v. State*, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954).

14. *See Brown v. Estelle*, 526 F.2d 1391 (5th Cir. 1976).

15. F.R.A.P. 35; *Puckett v. Commissioner*, 522 F.2d 1385 (5th Cir. 1975); *United States v. Automobile Club Ins. Co.*, 522 F.2d 1, 3 (5th Cir. 1975); *Linebery v. United States*, 512 F.2d 510 (5th Cir. 1975); *United States v. Lewis*, 475 F.2d 571, 572 (5th Cir. 1972).

conviction when used for enhancement.

474 F.2d at 905.

In *Gutierrez*, petitioner was sentenced to life imprisonment for assault with intent to murder without malice. His sentence was mandatorily enhanced by two prior convictions. Gutierrez attacked the life sentence on grounds that the two prior convictions used for enhancement were invalid because he was without counsel at the times of sentencing in the prior convictions. These convictions, he argued, could not be used to enhance his sentence. The district court agreed, ruling that absence of counsel at the time of sentencing invalidated the record of conviction such that they could not be used for enhancement. Gutierrez was ordered resentenced without recourse to the two prior felony convictions. This Court *reversed* on the theory that only the underlying convictions, not the sentences, were relevant to enhancement proceedings.

In our attempt to discern the scope of the holding in *Gutierrez*, the briefs submitted in that case have been reexamined. A complete review indicates the broad language of *Gutierrez* is more expansive than was necessary to decide the case, correctly decided on its facts. Thus we are confronted with the situation where a court's holding, the touchstone of *stare decisis*, is narrower than the language of the written opinion.

*Gutierrez* is to be distinguished from the case at bar since there both of the prior guilty pleas were worked out in advance by Gutierrez's attorneys. Before he consented to the pleas, his attorneys informed him at the 1962 and 1963 convictions what sentences would be imposed. The deals were worked out by plea bargaining. Gutierrez consented to these arrangements. Thus with both convictions Gutierrez was aware of the punishment to be received at the time of his pleas, and the sentences imposed were exactly what was bargained for.

The sentencing was mechanical. Counsel could have availed him nothing. Sentencing merely consummated the deals worked out in advance by Gutierrez's attorneys with his consent. Although Gutierrez argued it was possible for him to have achieved probation in 1962 since he had no prior conviction, the argument was frivolous. It would be incongruous to say that an attorney could have helped him gain probation when that very attorney already had worked out the sentence through plea negotiations.

■ The significance of the *Gutierrez* holding was to negate an automatic rule which would invalidate for enhancement purposes every conviction followed by counselless sentencing. That was all that *Gutierrez* could do on the issues there decided. Coupling *Gutierrez* with this case, we now decide it is apparent that a case-by-case rule has been established, which will constitutionally prohibit the use of a prior conviction followed by a counselless sentencing only when there was probability of a probated sentence sufficient to cast the sentencing as a critical stage in which substantial rights were involved requiring counsel.

■ Since we hold Davis was improperly sentenced to a mandatory life term under the enhancement statute, normal procedures dictate that the district court provide a reasonable time for the State of Texas to resentence the petitioner.[16]

■ It is possible that Davis has already served the maximum time that he could have received for the 1966 conviction. If it is determined that Davis has served the maximum possible sentence for the 1966 conviction then he should be released from custody. The precise provisions of a writ of habeas corpus are left to the determination of the district court in light of this opinion.

Reversed and remanded with directions.

16. *See Craig v. Beto*, 458 F.2d 1131, 1136 (5th Cir. 1972); *Marion v. Beto*, 434 F.2d 29, 32–33 (5th Cir. 1970).