Terry Joseph DOMINQUE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–543–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 1, 1990.

Joe W. Bailey, II, Houston, for appellant.

Terry Breen, Anahuac, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Terry Dominque was indicted for unlawful possession of less than 28 grams of cocaine. The offense was enhanced with two prior Louisiana felony probation convictions. The appellant's motion to quash the enhancement paragraph was denied and he subsequently agreed to plead guilty to possession and not true to the enhancement. His sole point of error on appeal disputes the trial court's denial of the motion to quash the enhancement paragraph of the indictment and admission into evidence the Louisiana probation conviction, because that conviction would not be considered a final conviction under Texas law. We find that the trial court did not err, and affirm the judgment.

In 1984 Terry Dominque pled guilty to two charges of burglary in Louisiana and was sentenced to two terms of three years hard labor, which were suspended for three years probation. These were the foreign felony probation convictions used for enhancement purposes. The court found the enhancement paragraph true and sentenced defendant to five years in TDC in accordance with the plea bargain.

■ In addressing the appellant's point of error, we first acknowledge that it is the state's burden to prove that a prior conviction used to enhance punishment under Art. 12.42(d) is a final conviction. *Spiers v. State*, 552 S.W.2d 851 (Tex.Crim.App. 1977). Under Texas law, when probation is granted, no sentence is imposed. Therefore, a prior probated sentence entered by a Texas court would not be available to enhance punishment for a subsequent offense unless the probation had been revoked. *Green v. State*, 706 S.W.2d 653 (Tex.Crim.App.1986); *Rodgers v. State*, 744 S.W.2d 281 (Tex.App.—Fort Worth 1987, pet. ref'd).

■ However, when probation is granted under Louisiana law, it does constitute a final conviction for purposes of enhancement. Title XXX, Chap. 1, General Sentencing Provisions, Art. 893(E) provides:

> When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal, **except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses ...**

Clearly, under Louisiana law, the prior felony probations constituted final convictions which could be used for enhancement purposes.

We find no prior Texas case which addressed this exact situation of whether a Louisiana final conviction in the form of a felony probation can be used as a final conviction for enhancement purposes in Texas. However, three cases suggest this can be done. In *Ex Parte Blume*, 618 S.W.2d 373 (Tex.Crim.App.1981) the Court held that under the new Penal Code, a conviction for a previous federal felony could be used to enhance a subsequent Texas conviction even if the federal offense would not have been a felony under Texas law.

In a Fifth Circuit case, a three-time habitual criminal felon was assessed a mandatory life sentence by the Texas district court. The defendant complained that one of the prior convictions used for enhancement was a probated federal sentence. The Fifth Circuit said that the defendant would have a valid argument if the prior conviction was from Texas, since a Texas suspended or probated sentence is not a final judgment or conviction on which a court may predicate enhancement. How-

ever, a federal suspended or probated sentence does have the same effect as any other final conviction. *Davis v. Estelle,* 502 F.2d 523 (5th Cir.1974).

Finally, in *DiRemiggio v. State,* 637 S.W.2d 926 (Tex.Crim.App.1982) the court held that although the Virginia method of partially suspending a sentence was alien to Texas law, it would be possible to use it as a previous final conviction for enhancement purposes if the state proves to the court that the conviction was "final" under Virginia law.

We are satisfied that the State met its burden of proving that the conviction was considered "final" under Louisiana law. We affirm the judgment of the trial court.